UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DINO ANTOLINI,

        Plaintiff,

vs.

STEVEN GAUTIER-WINTHER, NINE & C, LLC, DIMITRI C. VLAHAKIS a/k/a DIMITRI C. VLAMAKIS, KIMLOAN PHAM and 177 CHRYSTIE INC.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Case No.:

**JURY TRIAL DEMANDED**

    Plaintiff, DINO ANTOLINI (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues STEVEN GAUTIER-WINTHER, NINE & C, LLC, DIMITRI C. VLAHAKIS a/k/a DIMITRI C. VLAMAKIS, KIMLOAN PHAM and 177 CHRYSTIE INC., (hereinafter, the "Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

**JURISDICTION AND PARTIES**

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3. The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to the Defendants' Subject Facility in October of 2018, prior to instituting the instant action, DINO ANTOLINI (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990. He is an individual with numerous disabilities including ataxia, which obviates the voluntary control of his muscle movements as a result of the dysfunction of his nervous system, including his cerebellum. He has undergone surgical intervention, consisting of internal fixation of a 14-inch intramedullary rod along with seven Kuntscher nails in an attempt to stabilize his left hip but to no avail.

5. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendants' Property, which is the subject of this lawsuit.

6. Upon information and belief defendants are authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owner of the improvements of the Subject Facility which is located at 145 Avenue C, New York, New York 10009 (hereinafter and heretofore referred to collectively as "Subject Facility").

7. Upon information and belief the defendants maintain, manage and control the Subject Facility, established as a restaurant, Esperanto, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises is located in the City and State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (i) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (**i**) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of

>   > discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
>   (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
>
>   42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

>   (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
>   (ii)   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
>   (iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
>
>   42 U.S.C. §12101(b)(1)(2) and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is a Restaurant, which provides goods and services to the public.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

5

13. Defendants have discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C.§12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Restaurant in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the Restaurant have effectively denied Plaintiff's ability to visit the property and have caused embarrassment, anxiety and frustration to the Plaintiff by not being able to access the Restaurant.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, <u>et. seq.</u>, the ADA and 28 C.F.R. §36.302, <u>et. seq.</u>, and is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

Failure to provide accessible entrance due to the multiple steps at said entrance to the Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. The step leading inside the Subject Facility is an insurmountable barrier to the ingress and egress of Plaintiff and to individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The steps at the entrance to the Restaurant means there is no accessible route for the Plaintiff or others who use a wheelchair.

The steps at the entrance violate 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the restaurant entrance. The steps violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402.

Required minimum maneuvering clearance not provided at entrance door to the restaurant; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.3.  Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area as required by 2010 ADAAG §902, 902.1, 902.3, 4.32.4.

Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables.

Compliant signage identifying the restroom not provided as required.

Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3.

Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

Failure to provide sufficient clear floor space around both water closets which does not allow for any obstructing elements in this space as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient clear floor space/sufficient turning radius, in restrooms, to provide safe adequate maneuverability.

Failure to rearrange stall partitions and/or walls to  provide  sufficient  accessibility and maneuvering space in restroom for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17. Failure to provide a clear path to the water closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to provide accessible restroom door handles that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28   C.F.R Part 36, Sections 4.13.9 and 4.27.4. Failure to provide at least 17 inches depth clearance

under lavatories as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath. Failure to provide at least 17 inches depth clearance under lavatories as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath.

Failure to provide a hand operated flush control located on the open side of the accessible water closet as required by Section 604.6.

Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatories for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

Failure to provide paper towel dispenser in restroom at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7.

Failure to provide soap dispenser at an accessible height in restroom, as required by 28 C.F.R. Part 36, Section 4.22.7.

Failure to install accessible mirror in restroom in compliance with 28 C.F.R. Part 36, Section 4.19.6.  Failure to provide an accessible locking mechanism on restroom door that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4. Failure to provide ADA compliant signage in restroom area in violation of 28 C.F.R. Part 36, Section 4.30.

Failure to install the required rear grab bars in restrooms, around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.  Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.  Photographs depicting some of the discriminatory barriers are annexed as *Exhibit 1,* made a part hereof and incorporated by reference herein.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full

inspection can all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

21. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. sections 12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec. 503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

22. The New York City Human Rights Law provides:

    (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or

> employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …
>
> NYC Admin. Code § 8-107(4)(a).

23. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

24. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 23 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

25. The New York State Human Rights Law provides:

    (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

26. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

28. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

29. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2) (c) (iii).

30. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if set forth in their entirety here.

31. As a direct and proximate result of Defendants' unlawful discrimination, in violation of the Executive Law Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

32. But for Defendants' failure to maintain non-discriminatory policies and procedures and to provide equal access to the goods and services provided at Defendants' public accommodation, Plaintiff would not have suffered these harms.

33. Plaintiff is entitled to be compensated for the damages resulting in Defendants' discrimination and for failure to provide equal access.

34. Additionally, the Court should award punitive damages in this matter due to Defendants' intentionally discriminatory policies, retaliatory treatment towards Plaintiff, and Defendants' continued and repeated failure to provide access despite the law requiring same for over twenty-five (25) years.

35. These requirements apply to all businesses, but when Defendants, who had the ability to comply with the law but purposefully chose to delay compliance and to maintain discriminatory policies, such as the Defendants in the subject suit, a punitive award is more than appropriate.

## ATTORNEYS' FEES AND COSTS

36. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City and New York State Human Rights Law. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

37. Plaintiff demands compensatory damages in the sum of TWENTY- FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL and the NYSHRL, severally;

## INJUNCTIVE RELIEF

38. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the

       Defendants are violative of the ADA, the New York City Human Rights Law, Executive Law and of the New York State Human Rights Law;

B.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the NYCHRL and the NYSHRL; issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C.    Award plaintiff compensatory damages in a sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) per violation, of the NYCHRL and the NYSHRL, severally;

D.    Issue a permanent injunction against the Defendants, requiring Defendants and all persons or entities in active concert therewith, to provide accessible route into the restaurant at the Premises for individuals who use wheelchairs, and to make all public portions of the Premises accessible to him;

E.    Find that Plaintiff is a prevailing party in this lawsuit and award reasonable attorney's fees, costs and expenses against Defendants, and award such other and further relief, at law or in equity, including, but not limited to, punitive damages to which Plaintiff may be justly entitled;

   F.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

   G.      The Court awards such other and further relief as it deems necessary, just and proper.

## JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: Syosset, New York
April 3, 2018

                                                S/S
                                  Stuart H. Finkelstein, Esq.
                                  FINKELSTEIN LAW GROUP, PLLC
                                  Attorneys for Plaintiff
                                  338 Jericho Turnpike
                                  Syosset, New York 11791
                                  Telephone: (718) 261-4900







