UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DINO ANTOLINI,

                         Docket No.: 18-CV-10767 (JMF)

              Plaintiff,

      -against-                              **ANSWER**

CHRISTOPHER & SEVENTH REALTY LLC,
PATRICK DALEY and 15 ACRES INC.,

              Defendants.
---------------------------------------------------------------------x

      Defendants, PATRICK DALEY and 15 ACRES INC., by their attorneys, MIRANDA SLONE SKLARIN VERVENIOTIS LLP, answering the plaintiff's complaint:

    1.    Deny each and every allegation contained in paragraph "1" of the complaint, except admit that defendant, 15 Acres Inc. is the tenant in a building owned by Christopher & Seventh Realty LLC.

    2.    Deny each and every allegation contained in paragraph "2" of the complaint as to answering defendants.

    3.    Deny each and every allegation contained in paragraph "3" of the complaint as to answering defendants, except admit that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343.

    4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint as to answering defendants, except admit venue is proper.

    5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint as to answering defendants.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint as to answering defendants.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8. Deny each and every allegation contained in paragraph "8" of the complaint as to answering defendants, except admit 15 Acres Inc., is licensed to and does business in New York.

9. Deny each and every allegation contained in paragraph "9" of the complaint, except admit that the property was leased by 15 Acres Inc., not Patrick Daley individually.

10. Deny each and every allegation contained in paragraph "10" of the complaint as to answering defendants, except admit that there is a lease between answering defendant tenant 15 Acres Inc. and the landlord Christopher & Seventh Realty LLC.

11. Deny each and every allegation contained in paragraph "11" of the complaint as to answering defendants, and respectfully refer all questions of law to the Court.

12. Deny each and every allegation contained in paragraph "12" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

13. Deny each and every allegation contained in paragraph "13" of the complaint as to answering defendants.

14. Deny each and every allegation contained in paragraph "14" of the complaint as to answering defendants.

15. Deny each and every allegation contained in paragraph "15" of the complaint as to answering defendants.

16. Deny each and every allegation contained in paragraph "16" of the complaint as to answering defendants.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint as to answering defendants.

18. Deny each and every allegation contained in paragraph "18" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

19. Deny each and every allegation contained in paragraph "19" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

20. Deny each and every allegation contained in paragraph "20" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

21. Deny each and every allegation contained in paragraph "21" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

22. Deny each and every allegation contained in paragraph "22" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

23. Deny each and every allegation contained in paragraph "23" of the complaint as to answering defendants.

24. Deny each and every allegation contained in paragraph "24" of the complaint as to answering defendants.

25. Deny each and every allegation contained in paragraph "25" of the complaint as to answering defendants.

26. Deny each and every allegation contained in paragraph "26" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

27. Deny each and every allegation contained in paragraph "27" of the complaint as to answering defendants, except admit that it is Christopher & Seventh Realty LLC's responsibility as landlord to comply with the ADA.

28. Deny each and every allegation contained in paragraph "28" of the complaint as to answering defendants.

29. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint as to answering defendants.

30. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the complaint as to answering defendants.

31. As to paragraph "31," repeat the denials set forth above in answer to the allegations contained in paragraphs "1" through "30" of the complaint as if fully set forth herein.

32. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the complaint as to answering defendants.

33. Deny each and every allegation contained in paragraph "33" of the complaint and respectfully refer all questions of law to the Court as to answering defendants.

34. Deny each and every allegation contained in paragraph "34" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

35. Deny each and every allegation contained in paragraph "35" of the complaint as to answering defendants.

36. Deny each and every allegation contained in paragraph "36" of the complaint as to answering defendants.

37. Deny each and every allegation contained in paragraph "37" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

38. Deny each and every allegation contained in paragraph "38" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

39. Deny each and every allegation contained in paragraph "39" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

40. Deny each and every allegation contained in paragraph "40" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

41. Deny each and every allegation contained in paragraph "41" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

42. Deny each and every allegation contained in paragraph "42" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

43. Deny each and every allegation contained in paragraph "43" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

44. Deny each and every allegation contained in paragraph "44" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

45. Deny each and every allegation contained in paragraph "45" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

46. Deny the allegations contained in paragraph "46" of the complaint as to answering defendants, except admit that the landlord has a duty to maintain the sidewalk.

47. Deny each and every allegation contained in paragraph "47" of the complaint as to answering defendants.

48. Deny each and every allegation contained in paragraph "48" of the complaint as to answering defendants.

49. As to paragraph "49," repeat the denials set forth above in answer to the allegations contained in paragraphs "1" through "48" of the complaint as if fully set forth herein.

50. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the complaint as to answering defendants.

51. Deny each and every allegation contained in paragraph "51" of the complaint as to answering defendants.

52. Deny each and every allegation contained in paragraph "52" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

53. Deny each and every allegation contained in paragraph "53" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

54. Deny each and every allegation contained in paragraph "54" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

55. Deny each and every allegation contained in paragraph "55" of the complaint as to answering defendants.

56. Deny each and every allegation contained in paragraph "56" of the complaint as to answering defendants.

57. Deny each and every allegation contained in paragraph "57" of the complaint as to answering defendants.

58. Deny each and every allegation contained in paragraph "58" of the complaint as to answering defendants.

59. As to paragraph "59," repeat the denials set forth above in answer to the allegations contained in paragraphs "1" through "58" of the complaint as if fully set forth herein.

60. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the complaint as to answering defendants.

61. Deny each and every allegation contained in paragraph "61" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

62. Deny each and every allegation contained in paragraph "62" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

63. Deny each and every allegation contained in paragraph "63" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

64. Deny each and every allegation contained in paragraph "64" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

65. Deny each and every allegation contained in paragraph "65" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

66. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

67. Deny the allegations contained in paragraph "67" of the complaint as to answering defendants, except admit that the landlord has a duty to maintain the sidewalk in compliance with the ADA.

68. Deny each and every allegation contained in paragraph "68" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

69. Deny each and every allegation contained in paragraph "69" of the complaint as to answering defendants.

70. Deny each and every allegation contained in paragraph "70" of the complaint as to answering defendants.

71. Deny each and every allegation contained in paragraph "71" of the complaint as to answering defendants.

72. Deny each and every allegation contained in paragraph "72" of the complaint as to answering defendants.

73. Deny each and every allegation contained in paragraph "73" of the complaint as to answering defendants.

74. Deny each and every allegation contained in paragraph "74" of the complaint as to answering defendants.

75. As to paragraph "75," repeat the denials set forth above in answer to the allegations contained in paragraphs "1" through "74" of the complaint as if fully set forth herein.

76. Deny each and every allegation contained in paragraph "76" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

77. Deny each and every allegation contained in paragraph "77" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

78. Deny each and every allegation contained in paragraph "78" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

79. As to paragraph "79," repeat the denials set forth above in answer to the allegations contained in paragraphs "1" through "78" of the complaint as if fully set forth herein.

80. Deny each and every allegation contained in paragraph "80" of the complaint as to answering defendants.

81. Deny each and every allegation contained in paragraph "81" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

82. Deny each and every allegation contained in paragraph "82" of the complaint as to answering defendants.

83. Deny each and every allegation contained in paragraph "83" of the complaint as to answering defendants.

84. Deny each and every allegation contained in paragraph "84" of the complaint as to answering defendants.

85. Deny each and every allegation contained in paragraph "85" of the complaint as to answering defendants.

86. Deny each and every allegation contained in paragraph "86" of the complaint as to answering defendants.

87. Deny each and every allegation contained in paragraph "87" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

88. Deny each and every allegation contained in paragraph "88" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

89. Deny each and every allegation contained in paragraph "89" of the complaint as to answering defendants.

90. Deny each and every allegation contained in paragraph "90" of the complaint as to answering defendants and respectfully refer all questions of law to the Court.

## **AFFIRMATIVE DEFENSES**

### **AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE**

91. That plaintiff's complaint fails to state a cause of action for which relief may be granted.

### **AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE**

92. That the Court lacks personal jurisdiction over the defendants due to lack of

proper service.

### AS AND FOR A THIRD AND COMPLETE AFFIRMATIVE DEFENSE

93. The claims against defendant Daley must be dismissed as he did not lease the property individually, and moreover, there is no individual liability at bar under the relevant statutues.

### AS AND FOR A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE

94. That removal of the alleged barriers is not readily achievable.

### AS AND FOR A FIFTH AND COMPLETE AFFIRMATIVE DEFENSE

95. That the requested modifications would impose an undue burden on the defendant.

### AS AND FOR A SIXTH AND COMPLETE AFFIRMATIVE DEFENSE

96. That Plaintiff lacks standing to bring this claim.

### AS AND FOR A SEVENTH AND COMPLETE AFFIRMATIVE DEFENSE

97. That the defendants adequately provided access through readily achievable "alternative methods."

### AS AND FOR AN EIGHTH AND COMPLETE AFFIRMATIVE DEFENSE

98. That the defendants did not perform and were not permitted to make any renovations, let alone so as to constitute alterations of the property under the ADA.

### AS AND FOR A NINTH AND COMPLETE AFFIRMATIVE DEFENSE

99. That the defendants satisfied the "maximum extent feasible" standard, and that the alterations sought are technically infeasible.

### AS AND FOR A TENTH AND COMPLETE AFFIRMATIVE DEFENSE

100. That Plaintiff is not entitled to damages under New York State or New York City law.

### AS AND FOR AN ELEVENTH AND COMPLETE AFFIRMATIVE DEFENSE

101.   That removal of the alleged barriers would fundamentally alter the nature of defendants' public accommodation.

### AS AND FOR A TWELFTH AND COMPLETE AFFIRMATIVE DEFENSE

102.   That the court should not exercise its pendent jurisdiction over the state or city claims set forth in the complaint.

### AS AND FOR A THIRTEENTH AND COMPLETE AFFIRMATIVE DEFENSE

103.   That the property located at 57-59 Christopher Street is located in an Historical Landmarked District of the City of New York.

### CROSS-CLAIM AGAINST DEFENDANT CHRISTOPHER & SEVENTH REALTY LLC

104.   Defendant Christopher & Seventh Realty LLC, is responsible for the alleged defective conditions existing on the premises designated as 57-59 Christopher Street which form the basis for the allegations in the Complaint. Under the terms of the lease with 15 Acres, Inc., and the common law, Defendants Patrick Daly and 15 Acres, Inc. are entitled to defense and indemnification from Christopher & Seventh Realty LLC.

**WHEREFORE**, defendants, Patrick Daley and 15 Acres Inc. demand judgment dismissing plaintiff's complaint with costs and disbursement and in the event that plaintiff recovers against these answering defendants, that the rights of all defendants as among themselves be determined in this action and that these answering defendants have judgment over and against co-defendant Christopher & Seventh Realty LLC for any judgment that may be rendered in favor of the plaintiff against these answering defendants, together with these answering defendants' costs and attorneys' fees for the defense of this action.

Dated:  Mineola, New York

January 11, 2019

                                    MIRANDA SLONE SKLARIN
                                    VERVENIOTIS, LLP
                                    Attorneys for Defendants
                                    PATRICK DALEY and 15 ACRES INC.

By: _____
                                    Michael A. Miranda
                                    Diane C. Petillo
                                    The Esposito Building
                                    240 Mineola Boulevard
                                    Mineola, New York 11501
                                    (516) 741-7676

To: All Counsel via ECF