STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

May 14th, 2019

The Honorable Jesse M. Furman
United States District Court
Southern District of New York - Courtroom 1105
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Antolini vs. Christopher & Seventh Realty, et al
Case No.: 1:18-cv-10767 (JMF)

Dear Judge Furman,

I represent the Plaintiff in the above matter and respectfully advise that contrary to defense counsel's misrepresentation to the Court, no "settlement in principle" has been reached in this matter.

Defense counsel prepared and emailed my office a week ago with an agreement that contained a proviso for *no repairs/modifications to be made to the subject facility*! In and of itself that is simply unacceptable, but when his next proposed agreement was sent over, it laid out repairs that were in essence, minutia. Defendants proposed the following repairs:

a)   Further, the Parties agree that, pursuant to the terms of this settlement, *no modifications are required to be made to the exterior or entrance to the Subject Property. 15 Acres, Inc.*

b)   cut back the wall extension leading to the men's room to increase accessibility;

c)   perform modifications to the men's room consisting of (i) replacing the existing sink with a wall hung sink; (ii) the existing threshold (saddle) will be beveled or replaced; (iii)the hand dryers will be lowered; (iv) grab bars will be installed for the toilet; and (v) the toilet paper dispenser will be relocated within 180 days of the execution of this agreement by Plaintiff and his counsel.

These proposed "modifications" are meaningless, and do nothing to allow access to, and use thereof of the subject facility.

STUART H. FINKELSTEIN, ESQ.

In addition, defendants refuse to acknowledge a single violation of any of New York State Civil Rights Law § 40-c and 40-d, New York State and New York City Human Rights Law § 296 et seq., which would provide for payment to my client.

Instead, Defendants seek to double dip in deductible expenses by seeking two different W-9's, one from me and one from Mr. Antolini. My client is not an independent contractor, or the like, and is not subject to providing same. In fact, I did agree to provide my W-9 to defendants but they refused as they are hell bent on their desires.

Currently, defense counsel is in violation to two Court Orders and I respectfully ask for a lifting of the stay so I can make the appropriate Motion.

I would also advise the Court that I will be out of town beginning tonight until the end of the week. On another note, my son is graduating from NYU with honors next week and thereafter my family and I will be out of town for the remainder of the week. I've also spoken to Mr. Antolini and he too is unavailable next week.

Respectfully, I ask the Court to adjourn the conference now set down for May 16th, 2019 to the afternoon of June 19th, all day June 20th and the morning of the 21st of June, the Court's schedule permitting.

Thanking the Court for your time, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
Via ECF to all counsel of record